IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMIEN BAIRD,

        Plaintiff,

vs.

        Case No. 04-1066-JTM

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Damien Baird, also known as Damien Romo, has applied for disability insurance and supplemental security income benefits. His application was denied by the ALJ on April 3, 2003, a decision affirmed by the Appeals Council on January 12, 2004. There are four primary allegations of error by Baird. First, that the ALJ improperly found Baird was less than fully credible. Second, that the ALJ erred in improperly discounting the opinion of a treating physician, Dr. Anne Cox. Third, that the ALJ failed to consider the effect of the combination of his impairments. Fourth, that the ALJ erred in failing to request formal IQ testing of Baird.

Plaintiff-claimant was born on March 24, 1969. He has stated that he became disabled beginning November 5, 1999, due to a back impairment, vision loss, and affective disorders. He has worked in the past as a truck driver. The ALJ found that Baird has a severe impairment due to degenerative disc disease, has loss of vision in his right eye, and affective disorders. (Tr. 23). He found

at Step 3 that none of these disorders meets any Listed Impairment (Tr. 23), and that Baird's RFC would permit

> a range of work with lifting or carrying 10 pounds, sitting about 6 hours in an 8 hour work day, and standing or walking about 2 hours in an 8 hour work day for 30 minutes at a time. The claimant should avoid concentrated exposure to cold with no climbing of ladders, ropes or scaffolding and occasional climbing of stair[s], balancing, stooping, kneeling, crouching and crawling. The claimant has limited vision on the right with restrictions regarding field of vision and depth perception. The mental restrictions include moderate limitations in the ability to understand, remember, and carry out detailed instructions, and to maintain attention and concentration for extended periods.

(Tr. 25).

Ultimately, the ALJ found Baird could not perform his past relevant work given his RFC, but was not disabled because he could perform other work that existed in significant numbers in the national economy. The detailed facts, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 19-27), the brief of Baird (Dkt. No. 9, at 2-10), and the Commissioner's response (Dkt. No. 10, at 2-6).

The ALJ's credibility determination is consistent with *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), and is supported by substantial evidence. Baird does have degenerative disc disease with mild bulging at L4-5, but without nerve root impingement, and without any indicia of muscle atrophy or spasms, neurological deficits, positive straight leg raising, or inflammation. Baird underwent a successful laminectomy at L5 to S1 in February 2002, which stopped the pain in his right leg, and subsequent testing has shown normal strength and an absence of any nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. Baird reported that he was pleased with the surgery, given a full release, and advised only to avoid the heaviest of occupations. The ALJ noted that there were "no clinical signs typically associated with chronic musculosketal pain such as muscle atrophy, muscle spasms, neurological deficits, positive straight leg-raising, inflammatory signs, or bowel or bladder disruption." (Tr. 24). He also noted that Baird had not been referred for physical therapy, or referred

to any pain clinic or specialists. He noted that Baird's only regular medication was Advil. The ALJ accurately noted that, notwithstanding his vision loss, Baird had acknowledged that the condition arose when he was a child, and he had worked for some ten years as a truck driver and still has a chauffeur's license. Baird has also been told that the limited vision could be corrected with cornea surgery.

The ALJ agreed that Baird has an affective disorder, but his conclusion that it did not render Baird disabled is supported by substantial evidence. He noted that Baird's attempts to obtain treatment for his depression were only occasional, and that Dr. Cox noted in August 2000 that Baird's condition did not preclude employment. Dr. Schwartz concluded after two consultative mental examinations that Baird had adequate attention and concentration and short-term memory. Further, the ALJ had a reasonable basis in the record for discounting Baird's credibility based on his work history and lack of motivation. (Tr. 25). And, in combination with the other evidence supporting the ALJ's credibility determination, the ALJ could and did also consider Baird's participation in daily living which showed at most mild restrictions. Given the evidence, the court has no basis for concluding that the ALJ's credibility determination is not supported by substantial evidence.

The ALJ also did not err in discounting some of the conclusions of Dr. Cox in her December 6, 2002 RFC assessment form, in which she stated that Baird was markedly limited in the ability to maintain attention and concentration for extended periods, and moderately limited in the ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for short periods, work in coordination with others, complete a normal work day and week, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers or peers, respond appropriately to changes in the work setting, be aware of normal hazards, travel in unfamiliar places, and set realistic goals. (Tr. 500-01). The ALJ discounted these conclusions because they were inconsistent with Dr. Cox's treatment notes, which did not support

the degree of limitation later suggested by Dr. Cox. In her August 21, 2000 evaluation, Dr. Cox reported that Baird's depression appeared to be under adequate control and stated it would not stop him from working. (Tr. 388). She then recommended only that Baird have some job training which would avoid physical effort.

And the ALJ noted a conflict between Dr. Cox's December 2002 form and other medical evidence of record (Tr. 24-25). Dr. Schwartz stated Baird had adequate attention and concentration and short term memory, and was not subject to excessive distraction. He stated that Baird had "no current psychiatric symptoms which would interfere with his functioning on the job, or with his interpersonal relations." (Tr. 462). The ALJ explicitly noted that these conclusions from Dr. Schwartz's consultative evaluations were corroborated by Dr. Cox's original August, 2000 treatment notes. Given all of the evidence, the court finds the ALJ's discounting of Dr. Cox's 2002 assessment was predicated on specific findings, which were in turn premised on specific and legitimate reasons. *See Castellano v. Secretary of HHS*, 26 F.3d 1027, 1029 (10th Cir. 1994).

The court also finds that the RFC found by the ALJ is supported by substantial evidence. The ALJ concluded, based on the evidence, that Baird's impairments resulted in only mild restriction of activities of daily living, mild difficulties maintaining social functioning, moderate deficiencies of concentration, persistence, or pace, and no episodes of deterioration (Tr. 23). These findings are consistent with the ALJ's determination that Baird had moderate limitations in the ability to understand, remember, and carry out detailed instructions and in the ability to maintain concentration for extended periods (Tr. 25). The ALJ's findings as to Baird's RFC are supported by substantial evidence. This RFC, supported by credible evidence, underlies the question posed by the ALJ to the vocation expert, who opined that there were sedentary occupations representing numerous jobs in the national economy which Baird could perform. The court concludes the ALJ properly relied on the vocational expert's

testimony in determining that Baird could work at a significant number of jobs in the local and national economies.

Baird's argument that the ALJ failed to consider the effect of all of his multiple impairments is without merit. The record reveals that the ALJ did consider all of the evidence of all impairments. The ALJ determined that Baird had a substantial impairment due to the combination of the back injury, the vision loss, and the affective disorder. (Tr. 23). The ALJ set forth a summary of the medical evidence relating to all three conditions. (Tr. 24-25). The ALJ specifically acknowledged that the focus must be on whether "any of the claimant's impairments, either singly or in combination" rise to the level of a Listed Impairment. (Tr. 23). He concluded that they did not. The ALJ reached his findings as to Baird's capacity for work based "on a combination of symptomatology." (Tr. 25). The record indicates that the ALJ considered the combination of all of Baird's impairments in determining Baird was not disabled.

Finally, seizing on Dr. Schwartz's notes indicating that he had borderline to low average intelligence, Baird complains that the ALJ failed to direct IQ testing. But the case was presented to the ALJ as a claim of disability based on back pain, bad vision in the right eye, and depression. Baird did not claim disability based on low intelligence. The ALJ is not required to investigate a claim not offered at the hearing as a basis for disability. *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996). Further, in the same consultative examination now cited by Baird, Dr. Schwartz also concluded there was nothing he saw which "would interfere with his functioning on the job." (Tr. 426). Dr. Schwartz did not believe further IQ testing was necessary. There is no evidence that Baird's intelligence has diminished, and the ALJ was also aware of Baird's work history, which is recited in his opinion, indicating that notwithstanding the now-asserted borderline intelligence, Baird was nonetheless able to be gainfully employed as a truck driver for ten years. The ALJ had a sound evidentiary record supporting his

5

decision as to Baird's disability claims, and did not err in not directing the conducting of additional IQ testing.

IT IS ACCORDINGLY ORDERED this 23rd day of March, 2005, that the appeal of the plaintiff-claimant Baird is denied, and the decision of the Commissioner is affirmed.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE